# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Elkins

**PHOENIX DRILLING, INC.**,

       Plaintiff,

  v.                                                 **Civil Action No. 2:09-CV-97**
                                                           Judge Bailey

**MAMMOTH RESOURCE**
**PARTNERS, INC.**,

       Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS DUE TO IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER ACTION TO THE WESTERN DISTRICT OF KENTUCKY AND INCORPORATED MEMORANDUM OF LAW

Pending before this Court are defendant's Motion to Dismiss Due to Improper Venue, or, in the Alternative, to Transfer Action to the Western District of Kentucky and Incorporated Memorandum of Law (Doc. 4) and Plaintiff's Motion to Remand (Doc. 10). This Court will address the Motion to Remand first, inasmuch as this Court must first determine whether it has jurisdiction.

"The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" ***Maryland Stadium Authority v. Ellerbe Becket Incorporated***, 407 F.3d 255, 260 (4th Cir. 2005), citing ***Mulcahey v. Columbia Organic Chems. Co.***, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. ***Shamrock Oil & Gas Corp. v. Sheets***,

1

313 U.S. 100 (1941).

If federal jurisdiction is doubtful, a remand to state court is required. **Maryland Stadium**, 407 F.3d at 260. On the other hand, if this Court has jurisdiction, it is required to exercise it. **Gum v. General Electric Co.**, 5 F.Supp.2d 412, 415 (S.D. W.Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'").

In this case, it is undisputed that this action was filed on June 22, 2009, and that the defendant received the state court summons and complaint on July 9, 2009. It is also undisputed that the defendant filed its notice of removal on August 12, 2009. The basis of the Motion to Remand is that the defendant failed to comply with the statutory time requirement for filing the notice of removal.

Title 28, Section 1446(b) of the United States Code provides, in pertinent part, as follows:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ..

28 U.S.C. § 1446(b).

As noted by Judge Stamp of this Court in **Haythorn v. Erie Ins. Property & Cas. Co.**, 2006 WL 2595278, *1 (N.D. W.Va. Sept. 11, 2006), "the timeliness of the notice of removal is governed by 28 U.S.C. § 1446(b), which creates a 30-day limitation period for removing cases. The right to remove arises when a defendant is first put on notice that all

of the prerequisites for invoking federal jurisdiction have been met. A failure to timely file a notice of removal constitutes a defect in removal procedure. ***Cades v. H & R Block, Inc.,*** 43 F.3d 869, 873 (4th Cir. 1994). A defect in removal procedure renders a case improperly removed. ***Huffman v. Saul Holdings Ltd. P'ship,*** 194 F.3d 1072, 1076 (10th Cir. 1999)."

The defendant admits that the notice of removal was not filed within the thirty-day period, but contends that the thirty day window was expanded by agreement of the parties. To support this contention, the defendant points to a July 24, 2009, letter from plaintiff's counsel to a representative of the defendant, in which counsel states that "Phoenix Drilling, Inc. will agree to provide Mammoth Resource Partners, Inc. with a two-week extension to file an answer to the complaint, making it due on August 12, 2009." (Doc. 11-2).

Defendant also points to a reply letter from the Chief Executive Officer of the defendant stating:

> We accept your gracious offer to allow us an additional two weeks in order for us to file an answer to your complaint. Our acceptance of this extension date in no way precludes our right to establish a variety of obvious defenses, including but not limited to issues of venue, date of service, other issues of service of process and a host of counterclaims which we are now preparing both data and evidence to support.

(Doc. 11-3).

The cases are uniform that these letters provide no comfort to the defendant. In ***Wachovia Bank, N.A. v. Deutsche Bank Tr. Co. Americas***, 397 F.Supp.2d 698 (W.D.

3

N.C. 2005), the district court stated that "[a]greements between parties cannot extend § 1446(b)'s 30 day time limitation, [and] we are convinced that reliance upon such agreements for estoppel purposes will be unreasonable except in certain circumstances, such as those present in *Staples v. Joseph Morton, Inc.,* [444 F.Supp. 1312 (E.D.N.Y.1978)] . . . To resort to a theory of estoppel predicated upon an agreement to extend time . . . would completely eliminate the principle that § 1446(b)'s time period cannot be lengthened by stipulation." 397 F.Supp.2d at 705, quoting *Nicola Products Corp. v. Showart Kitchens, Inc.,* 682 F.Supp. 171, 173-74 (E.D. N.Y. 1988). *See also Jordan v. Aarismaa*, 896 F.Supp. 94, 95 (N.D. N.Y. 1995).

In *FHC Options, Inc. v. Security Life Ins. Co. of America*, 993 F.Supp. 378, 380 (E.D. Va. 1998), the district court stated that "[t]here is no question that courts construe 28 U.S.C. § 1446(b) narrowly, *see Thompson v. Gillen,* 491 F.Supp. 24, 26 (E.D. Va. 1980); that failure to comply with the 30-day limit is grounds for immediately remanding a removed case to state court, *see Northern Illinois Gas Co. v. Airco, Inc.,* 676 F.2d 270, 273 (7th Cir. 1982); *see also Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 368 (7th Cir. 1993); and that **the parties cannot mutually consent to lengthen 28 U.S.C. § 1446(b)'s 30-day period**, *see, e.g., Cohen v. Hoard,* 696 F.Supp. 564, 566 (D. Kan. 1988)." (emphasis added).

In *AR Motorsports, Inc. v. City of Lawrenceville*, 2007 WL 2302322 (N.D. Ga. Aug. 7, 2007), the district court held that a "Stipulation for Extension of Time for Defendants to Answer Plaintiffs' Complaint And/Or Other Responsive Pleading" did not extend the thirty day removal period. In so holding, the court noted that "[t]he Eleventh Circuit has held that

4

the removal statute is to be interpreted narrowly, with any doubts construed against removal jurisdiction. The removing party, moreover, bears the burden of demonstrating federal jurisdiction." **AR Motorsports**, at *2 (citations omitted). As noted above, these standards are equally applicable in the Fourth Circuit.

In **Smith v. Retzer Resources, Inc.**, 2006 U.S. Dist. LEXIS 40785 (N.D. Miss. June 16, 2006), the district court held that an agreement for a thirty day extension to file an answer was not a waiver of the thirty day deadline to remove a case.

In **Shukov v. Isostent, LLC**, 2003 WL 1888863, *1 (N.D. Ca. April 14, 2003), the district court remanded the case, stating that "plaintiff's agreement to extend by 10 days the deadline for filing 'responsive pleadings' does not constitute grounds for a finding of waiver or estoppel to assert untimely removal," citing **Ortiz v. General Motors Acceptance Corp., Inc.,** 583 F.Supp. 526, 531 (N.D. III. 1984).

In **Harris Corp. v. Kollsman, Inc.**, 97 F.Supp.2d 1148, 1151 (M.D. Fla. 2000), the court noted that "Federal litigants cannot stipulate to ignore statutory time periods established by Congress. Moreover, federal courts may not use Fed.R.Civ.P. 6(b) to enlarge statutory time periods. *See* 1 Moore's Federal Practice § 6.06(1)(a) (3d ed.2000). Thus, section 1446(b)'s mandatory removal period cannot be enlarged by court order, stipulation of the parties, or otherwise. See **Nicola Products**, 682 F.Supp. at 173; **Transport Indemnity Co. v. Financial Trust Co.,** 339 F.Supp. 405, 407 (C.D. Cal. 1972)."

In **Bell, Nunnally & Martin, P.L.L.C. v. Shaffer**, 2000 WL 54384 (N.D. Tex. Jan. 21, 2000), the district court granted a motion to remand. The court stated that "Defendant asserts that the letter agreeing to extend her deadline to answer Plaintiff's Petition also

5

served to extend the statutory deadline to remove the action to federal court, but cites no authority that such statutory deadline can, in fact, be extended by agreement of the parties." The court noted that the letter did not purport to extend any deadlines other than the rime for filing an answer and certainly was not a "consent" to removal.

In ***Rampy v. Southwestern Bell Tel. Co.***, 615 F.Supp. 996 (W.D. Mo. 1985), the court considered a similar situation where an extension to "answer or otherwise appropriately respond to plaintiff's petition" was given. The court stated, "We are satisfied that a defendant may not rely upon any stipulation extending the time to answer or respond to a complaint filed in State court as a waiver unless such a stipulation contains the sort of specific agreement mentioned in the hypothetical stated by Judge Hill in ***Transport Indemnity Co.*** [***v. Financial Trust Co.***, 339 F.Supp. 405 (C.D. Cal. 1972)]." 615 F.Supp. at 1001.

In ***Transport Indemnity Co.***, *supra,* the district court granted a motion to remand despite a stipulation extending the time to "move, answer or otherwise respond." In considering what *would* constitute a waiver of the time limitation, Judge Hill gave the following hypothetical:

> One can imagine a case in which defense counsel, just prior to the end of the statutory thirty-day period, had made the determination to remove the case and, finding himself pressed for time, communicates that fact to Plaintiffs' counsel and obtains from Plaintiffs' counsel a specific agreement that the latter would not object to the removal petition on timeliness grounds if defense counsel was a few days late in filing it. That might well constitute a

true estoppel because defense counsel has reasonably relied to his detriment on the representation of his opponent. But that is not the instant case. There was no such reliance. Any unilateral reliance by defense counsel was unreasonable.

339 F.Supp. at 408-409.

The court also quoted from *Moore's Federal Practice* as follows:

Removal proceedings are in the nature of process to bring the parties before the federal court; and mere modal or procedural defects are not jurisdictional. The limitation on the time for removal is not jurisdictional but is merely a formal and modal requirement which may be waived, or to which an objection may be precluded by estoppel. **Under the prevailing view, a stipulation of the parties or an order of the state court extending the time to answer, move or otherwise plead does not extend the time for removal**. The time is not subject to enlargement by the federal district court under Rule 6(b). Nor does Rule 6(e) enlarge the time for removal. (citations omitted).

339 F.Supp. at 407, citing 1A Moore, *Federal Practice* at 1245. (emphasis added).

In *Ortiz v. General Motors Acceptance Corp.*, 583 F.Supp. 526 (N.D. Ill. 1984), the district court remanded the case to state court, rejecting a claim that an extension of time to answer constituted a waiver of the time for removal.

In 14C Wright-Miller-Cooper-Steinman *Federal Practice & Procedure* § 3731, pp. 573-575 (4th ed. 2009), the authors state that "the decided cases make clear that these statutory periods [the 30 day removal period] will not be extended by state court demurrers,

motions to set aside service of process, pleas in abatement, **stipulations**, trial court-granted continuances, or various other state court orders." (emphasis added).

In response, the defendant cites no cases, but suggests that since there are no Fourth Circuit cases on point, this Court should ignore this body of case law and hold to the contrary. This Court is not willing to do so.

The Plaintiff's Motion to Remand (Doc. 10) is hereby **GRANTED**, and this case is **REMANDED** to the Circuit Court of Upshur County. Defendant's Motion to Dismiss Due to Improper Venue, or, in the Alternative, to Transfer Action to the Western District of Kentucky and Incorporated Memorandum of Law (Doc. 4) is hereby **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit a copies of this Order to all counsel of record herein.

**DATED:** September 25, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE